———o———

No. 6432.

## LOUISIANA MEADOWS COMPANY vs. COMMERCIAL SECURITY COMPANY, LTD.

### Syllabus.

Considering the facts disclosed and construing Sections 1, 7 and 9 of Act 170 of 1898, and Section 4 of Act 140 of 1890, it is held that the description, "lot 16, measuring 15 feet front" is sufficient to sustain a tax adjudication of the entirety of lot 16, notwithstanding that its true frontage is 30 feet.

Appeal from the Civil District Court, Parish of Orleans, Division "C," No. 108,552. Honorable E. K. Skinner, Judge.

Foster, Milling, Brian & Saal, for plaintiff and appellee.

Stafford & Robinson, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff, a mortgage creditor of Kern, sues to annul a tax sale of its debtor's property in this city. There is no question of prescription involved, and the sole complaint

is that the property was so imperfectly described as to render the tax proceedings null and void. The tax debtor's property, according to his title deeds, consisted of:

Lot 16 in square 112, bounded by Annunciation, Constance, Tchoupitoulas and Marengo Streets, measuring 30 feet front on Annunciation Street, by a depth of 120 feet, 6 inches and 4 lines on the line dividing it from Lot No. 15, and 112 Feet 4 inches and 7 lines on the line dividing it from Lot No. 17. And it is the only property owned by the tax debtor in that square.

Upon the assessment roll, in the tax notices and advertisements, and in the tax deed to defendant, the property was described as:

Lot No. 16 in square No. 112, bounded by Annunciation, Constance, Tchoupitoulas and Marengo Streets, measuring 15 feet front on Annunciation Street, by 112 feet, 6 inches and 4 lines in depth. The assessment roll also discloses that Lot 16 is bounded on one side by Lot 15 and on the other by Lot 17. The tax debtor was assessed for no other property in that square.

It thus appears that the descriptions correspond, that they both identify the lot and the square, and that the only error in the tax proceedings is that the frontage and depth are incorrectly stated.

Plaintiff's argument is that since the true frontage is 30 feet, an assessment of "Lot 16, measuring 15 feet front," embraces only 15 feet of that lot; that it is impossible to determine what particular 15 feet it was intended to assess, and that therefore the assessment is void for want of certainty in the description.

The error in this argument lies in the fact that it is founded upon the false premise that a description reading "Lot 16, measuring 15 feet front" is the equivalent of a

description reading "15 feet of lot 16," and that therefore only 15 feet was assessed.

But the assessment of "Lot 16, measuring 15 feet front" is an assessment of Lot 16, and it is none the less such, notwithstanding that its actual frontage is 30 feet.

This is true because the description must be read in connection with the assessment roll, which, since it names the boundaries of the lot, fixes with certainty the extent of the property intended to be assessed. Moreover, the tax is levied upon all property not expressly exempted, (Act 170 of 1898, Secs. 1 and 7) and the Court will favor the presumption that the assessor has performed his mandatory duty of assessing all and omitting none of the tax debtor's property within his jurisdiction, a presumption apparently sanctioned if not directed by Section 4 of Act 140 of 1890, which provides that the tax sale shall convey the entirety of the property intended to be assessed and sold and such as it was owned by the delinquent taxpayer, regardless of any error in dimension or description.

Considering also that the tax debtor was not otherwise assessed and that he owned no property but Lot 16 in this square, we are satisfied that the description amply fulfills the requirement that it shall be such "as will furnish a means of reasonable identification."

**Sec. 9, Act 170 of 1898.**

Our conclusions are based upon the following authorities upon the subject:

Landry vs. McWilliams, 135 La., 655.

In Re. Wenck, 52 A., 376.

Russell vs. Land, 50 An., 36.

Poland vs. Dreyfous, 48 A., 83.

Geddes vs. Cunningham, 104 La., 306.

— 417 —

Hood vs. City, 49 An., 1464.
Smith vs. City, 43 Ann., 726.
Webre vs. Lutcher, 45 A., 574.
Sontra vs. Armheim, 1 Ct. of Ap., 99.

The judgment is accordingly annulled and reversed and it is now decreed that plaintiff's suit be dismissed at its costs in both Courts.

Judgment reversed.

Opinion and decree, June 30th, 1915.

Rehearing granted, July 22nd, 1915.